UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
ALICIA LEE,

                                Plaintiff,

                              - against -

COMMISSIONER OF SOCIAL SECURITY,

                              Defendant.
------------------------------------------------------X

**REPORT AND RECOMMENDATION**

05 CV 2710 (NGG)

On May 26, 2005, plaintiff, proceeding pro se, commenced this action against the Commissioner of Social Security seeking judicial review of the denial of her claim to retroactive supplemental security income ("SSI") benefits based on disability. By application dated May 2, 2006, plaintiff requested the appointment of counsel. On August 11, 2006, the application was referred to the undersigned to determine whether counsel should be appointed for plaintiff, and the Court held a hearing on October 6, 2006 to address the matter. For the reasons stated below, it is respectfully recommended that plaintiff's application for appointment of counsel be denied.

In Cooper v. A. Sargenti Co., Inc., 877 F.2d 170 (2d Cir. 1989), the Court of Appeals for the Second Circuit noted that when deciding whether to appoint counsel for an indigent claimant in a civil case, the "district court exercises substantial discretion, subject to the requirement that it be guided by sound legal principles." Id. at 171-72 (internal quotation marks and citations omitted). The Cooper court articulated the factors that should be considered before counsel is appointed for an indigent litigant: (1) whether the indigent's position seems likely to be one of substance; (2) the indigent's ability to secure representation independently; (3) the indigent's

ability to investigate the crucial facts; (4) the complexity of the legal issues; and (5) the need for expertly-conducted cross-examination in order to test veracity. Id. at 172. Additionally, a court may consider whether there are "any special reason[s] in th[e] case why appointment of counsel would be more likely to lead to a just determination." See Hodge v. Police Officers, 802 F.2d 58, 62 (2d Cir. 1986). The Court of Appeals has emphasized, however, that a court should first scrutinize the apparent merits of the indigent's claim to determine if the claim is likely to be one of substance, and that only if the claim meets this "'threshold requirement'" should the other criteria be considered. See Cooper v. A. Sargenti Co., Inc., 877 F.2d at 172 (quoting Hodge v. Police Officers, 802 F.2d at 61).

Based upon the Court's review of papers submitted in connection with defendant's motion to dismiss the Complaint, and information gathered during the October 2006 hearing, the Court has determined that plaintiff's claim is not likely to be one of substance. Leaving aside the merits of defendant's pending motion to dismiss, the Court finds no evidence to suggest that the Administrative Law Judge made an error in dismissing plaintiff's request for a hearing, filed in August 2003, concerning a 1993 decision denying her benefits.[1] Plaintiff has not submitted any persuasive arguments to mitigate the lack of timeliness in the matter, especially given the incredibly long period of delay.[2] Furthermore, despite the Court's offer to review any medical

---

[1] The Appeals Council subsequently denied plaintiff's request for review of the denial of reconsideration.

[2] In response to a question posed by the Court concerning the ten-year delay in seeking review, plaintiff responded that she was unaware of the laws surrounding the appeals process and that she cannot distinguish length of time. The Court notes that the notices issued by the Social Security Administration to individuals seeking benefits are straightforward and written in layman's terms.

records or other evidence that plaintiff could submit concerning her eligibility for benefits prior to 2001,[3] plaintiff neglected to submit any additional evidence to the Court following the October 2006 hearing.

In light of the scarcity of pro bono attorneys willing to undertake cases such as Ms. Lee's,[4] and this Court's finding that plaintiff has been unable to meet the threshold requirement, the Court respectfully recommends that plaintiff's application for appointment of counsel be denied.

Any objections to this Report and Recommendation must be filed with the Clerk of the Court, with a copy to the undersigned, within ten (10) days of receipt of this Report. Failure to file objections within the specified time waives the right to appeal the District Court's order. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72; Small v. Secretary of Health and Human Servs., 892 F.2d 15, 16 (2d Cir. 1989).

---

[3] In 2001, plaintiff's application for SSI benefits was granted in part, as it was determined that she became disabled effective June 8, 2001. Plaintiff's claim that the disability began in 1980 was denied.

[4] Despite repeated efforts to locate pro bono counsel for plaintiff through various non-profit agencies and legal aid societies, the Court was unsuccessful in securing counsel for plaintiff.

The Clerk is directed to send copies of this Report and Recommendation to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
December 19, 2006

/s/ Cheryl L. Pollak
Cheryl L. Pollak
United States Magistrate Judge